**Janice WILLIAMS and Howard Smith, Defendants below, Appellants,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

**No. 81.**

Supreme Court of Delaware.

Jan. 24, 1973.

Angelo Falasca, Asst. Public Defender, Wilmington, for appellants.

Charles Brandt and Mason E. Turner, Jr., Deputy Attys. Gen., Wilmington, for the State.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

WOLCOTT, Chief Justice:

This is an appeal by two co-defendants from robbery convictions.

At the trial defendant Smith testified, apparently to establish lack of motive, that he had no particular need for money since his mother provided him with his basic needs. In rebuttal, the State called a turnkey of the Wilmington jail who testified that, after arrest, Smith requested that he be sent to a hospital because he was suffering from drug addiction.

Defendants' argument is twofold. First, they argue that the turnkey's testimony relating to defendant Smith's request to be sent to a hospital is inadmissible. Second, they argue that if the testimony was admissible, it was error not to give an instruction to the jury limiting the use of the testimony to impeachment.

█ It was not error to admit the turnkey's testimony. The testimony was offered in rebuttal to impeach defendant Smith's earlier testimony that he had no need for money since his mother provided all his necessities. As such, the impeachment testimony was properly admitted. Cf. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

█ Defendants contend, however, that under United States v. Mullings, 2nd Cir., 364 F.2d 173 (1966), the turnkey's testimony should be excluded because it is too prejudicial. Without passing on the merits of *Mullings,* it is clear that the testimony was admissible. It is well settled that evidence which may be inadmissible for one purpose may nevertheless be admitted for a proper purpose. Wigmore on Evidence, § 13 (3rd ed. 1940). As we have noted, it was proper to admit the testimony for impeachment purposes. Thus, irrespective of the admissibility of the testimony under *Mullings,* the Trial Court was correct in admitting it.

█ Defendants' second argument is that, even if the testimony was properly admitted, the defendants were entitled to an instruction limiting its use to impeachment and prohibiting its use to show motive. Defendants requested such an instruction, but none was given. This argument, like the first argument, necessarily rests on the premise that the testimony was inadmissible to show motive under the tenets of the *Mullings* Opinion. Again, it is unnecessary for us to test the reasoning in *Mullings.* Assuming, but not deciding, that the failure to give an instruction limiting the use of the testimony to impeachment purposes is error, such error is beyond a *doubt harmless in this case.*

The evidence against the defendants, to say the least, was overwhelming. The victim testified that he had known both the defendants for some time before the robbery; that he was led by the defendant Smith to the house where the robbery was committed, and that he had a full view of both defendants while the robbery was committed. Defendant Smith offered an alibi defense while his co-defendant offered no defense at all. In light of the State's case, it is manifest that the failure of the Trial Court to instruct the jury as requested could not have influenced the jury's verdict. Hence, any error in failing to give the instruction was harmless. See, also, Davis v. United States, 133 U.S.App. D.C. 167, 409 F.2d 453, 458 (1969).

█ Defendants urge us to apply the *harmless error standards of Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L. Ed.2d 171 (1963). However, it is clear that *Fahy* as clarified by Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967) applies only to errors involving Federal constitutional rights. *Mullings,* however, evokes a Federal rule of evidence rather than a constitutional right. Since we are not concerned with a Federal constitutional right, *Fahy* has no application.

The convictions are affirmed.